IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1798

**Kimberly Briseno,** Individually and on
Behalf of All Others Similarly Situated,
    Plaintiff,

v.

**Viaero Wireless Technologies, Inc.,**
    Defendant.

---

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

---

Plaintiff Kimberly Briseno ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action against Defendant Viaero Wireless Technologies, Inc. ("Defendant"), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for all hours worked in excess of forty hours per week.

2.    Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant is headquartered in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is a resident and citizen of Morgan County.

8. Defendant is a domestic, for-profit corporation.

9. Defendant's registered agent for service of process is Frank DiRico at 1224 West Platte Avenue, Fort Morgan, Colorado 80701.

10. Defendant, in the course of its business, maintains a website at https://www.viaero.com/.

11. Defendant does business as NE Colorado Cellular.

## IV. FACTUAL ALLEGATIONS

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as cell phones and equipment.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

14. Defendant is an "employer" within the meanings set forth in the FLSA, the CMWO and the CWA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Plaintiff was employed by Defendant within the three years preceding the filing of this Complaint.

16. Specifically, Plaintiff was employed by Defendant from October of 2017 until January of 2019 as a Customer Care Representative, and from January of 2019 until November of 2021 as an Online Sales Representative ("OSR").

17. As an OSR, Plaintiff was paid an hourly wage and she also earned commission based on sales made.

18. Defendant also employed other hourly-paid OSRs who also earned commission within the three years preceding the filing of this Complaint.

19. At all relevant times herein, Defendant directly hired Plaintiff and other OSRs to work on its behalf, paid them wages and benefits, controlled their work schedule,

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

21. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

22. Defendant classified other OSRs as nonexempt from the overtime requirements of the FLSA.

23. Defendant did not include the commissions that Plaintiff and other OSRs earned in their regular rate when calculating their overtime pay.

24. 29 C.F.R. § 778.117 states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

25. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as commissions, in the regular rate when calculating Plaintiff's and other OSRs' overtime pay.

26. Upon information and belief, Defendant's pay practices were similar or the same for all OSRs.

27. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

28. Plaintiff regularly performed work which went uncompensated.

29. Beginning in approximately August of 2020, Defendant assigned Plaintiff the additional duties of editing and creating documents such as tax forms and training materials.

30. Defendant, through Plaintiff's supervisors, instructed her to complete the additional work with the documents on her day off, off the clock.

31. Plaintiff was disciplined when she worked hours over 40 in a week.

32. Plaintiff was unable to complete the work of creating and editing documents, in addition to her regular job duties, in less than 40 hours per week.

33. Plaintiff was told by two different supervisors to continue to perform the work off the clock so as to avoid recording overtime hours.

34. Defendant knew or should have known that Plaintiff worked hours which went uncompensated.

35. In most weeks in which Plaintiff worked off the clock, the hours which went uncompensated were hours worked over forty.

36. At all relevant times herein, Defendant has deprived Plaintiff and OSRs of proper overtime compensation for all of the hours worked over forty per week.

37. During most of Plaintiff's shifts, Defendant failed to provide Plaintiff with compensated rest breaks of at least ten minutes for each four-hour period worked.

38. The CMWO states that employees are entitled to 10-minute compensated rest periods for each 4 hours of work. When employees are not permitted these breaks, their shift "is effectively extended by 10 minutes without compensation. . . . Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages[.]" *See* CMWO, Rule 5.2.4.

39. The net effect of Defendant's practices and policies regarding OSRs' pay is that Defendant intentionally failed to pay Plaintiff and other OSRs the correct overtime.

40. Defendant made no reasonable efforts to ascertain and comply with applicable law.

41. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other OSRs violated the FLSA, the CWA and the CMWO.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Plaintiff brings her FLSA claims on behalf of all those similarly situated employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as nonexempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

B. Liquidated damages; and

C. Attorneys' fees and costs.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

45. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

B. They were paid an hourly wage;

C. They were paid commissions

D. They worked over forty hours in at least one week within the past three years in which they also performed work relating to earning a commission; and

E. They had substantially similar job duties and responsibilities.

46. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **All hourly-paid Online Sales Representatives who received a commission in connection with work performed in any week in which they worked over 40 hours within the past three years.**

47. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds ten persons.

48. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

49. Plaintiff asserts this claim pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

50. 29 U.S.C. § 207 requires employers to pay employees 1.5 times the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51. Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

52. Defendant failed to pay Plaintiff an overtime rate of 1.5 times her regular rate for all hours worked over 40 per week, despite her entitlement thereto.

53. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint.

55. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violations of the CWA and the CMWO)

57. Plaintiff asserts these claims pursuant to the CWA, C.R.S. § 8-4-101, *et seq.,* and the CMWO, 7 C.C.R. § 1103-01, *et seq.*

58. Plaintiff regularly worked more than forty hours per week.

59. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5 times her regular rate of pay for all hours worked over 40 each week.

60. Defendant failed to permit Plaintiff 10-minute compensated rest breaks as required by Rule 5 of the CMWO, and therefore owes Plaintiff wages for each shift in which she was not allowed to take the required rest breaks.

61. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

62. Because Defendant willfully violated the CWA and CMWO, a three year statute of limitations shall apply to such violations.

63. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VIII. THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

64. Plaintiff brings this collective action claim on behalf of all similarly situated employees to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty each week.

65. 29 U.S.C. § 207 requires employers to pay employees 1.5 times the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

66. Defendant classified Plaintiff and other similarly situated employees as hourly employees, nonexempt from the overtime requirements of the FLSA.

67. Defendant failed to pay Plaintiff and other similarly situated employees an overtime rate of 1.5 times their regular rate for all hours worked over 40 per week, despite their entitlement thereto.

68. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and other similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint.

70. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

71. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and other similarly situated employees as provided by the FLSA,

Plaintiff and other similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kimberly Briseno, individually and on behalf of all other similarly situated employees, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.     Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E.     Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F.     A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

G.     Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number

35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

H. An order directing Defendant to pay Plaintiff and the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KIMBERLY BRISENO, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com